UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Balee Lambert, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Capital Link Management LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Balee Lambert, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Balee Lambert ("Plaintiff"), is an adult individual residing in Wasilla, Alaska, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Capital Link Management LLC ("Capital"), is a New York business entity with an address of 100 Corporate Parkway, Suite 106, Amherst, New York 14226, operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Capital and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Capital at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Capital for collection, or Capital was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Capital Engages in Harassment and Abusive Tactics

11. Within the last year, Capital began contacting Plaintiff in an attempt to collect the Debt.

12. On or about February 3, 2020, Capital left a voicemail message on 907-XXX-1608 ("the 1608 number").

13. The 1608 number belongs to Plaintiff's ex-husband's ex-wife ("Ashley").

14. The voicemail message stated that the call was for Isaac (Plaintiff's ex-husband) and Balee.

15. In its voicemail message, Capital stated that it was attempting to contact Isaac and Balee regarding a "pending claim filed against both your name and social."

16. To date, no legal action has been filed against Plaintiff by Capital.

17. In the voicemail message intended for the consumers, Capital failed to state that the call is from a debt collector.

18. The voicemail message left on the 1608 number disclosed to a third party that Luke, representing "Capital Link Management" was attempting to contact Plaintiff.

19. The caller identified his employer, Capital Link Management, to the third party, without it being expressly requested.

20. Capital's actions caused Plaintiff a great deal of confusion, anxiety, humiliation and embarrassment.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and identified themselves without being asked and further failed to confirm or correct location information.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

28. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

34. The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 11, 2021

                                                          Respectfully submitted,

                                                          By: */s/ Sergei Lemberg*

                                                          Sergei Lemberg, Esq. (SL 6331)
                                                          LEMBERG LAW, LLC
                                                          43 Danbury Road, 3d Floor
                                                          Wilton, CT 06897
                                                          Telephone: (203) 653-2250
                                                          Facsimile: (203) 653-3424
                                                          Attorneys for Plaintiff